IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-00750-CRB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND GRANTING LEAVE TO FILE FURTHER REVISED AMENDED COMPLAINT** |

　　　　Plaintiff Michael Devin Floyd ("Floyd"), a pro se complainant who alleges that his rights were violated while he was detained after his August 2021 arrest, seeks leave to file a third amended complaint alleging state-law claims and adding twenty-four new individual defendants. See Mot. (dkt. 71). Defendants Santa Clara Department of Correction, Santa Clara County, the Santa Clara County Sheriff's Office, and the Elmwood Correctional Facility (together, "Santa Clara"), oppose Floyd's motion. See Opp'n (dkt. 72). Floyd attached a proposed third amended complaint to his motion, see dkt. 71-2, and a revised proposed third amended complaint to his reply. See Revised Proposed Third Am. Compl. (dkt. 73-1).

　　　　Because Floyd unduly delayed in adding the state-law claims, and because Floyd fails to plead with specificity the claims he brings against each individual defendant, leave to file either of Floyd's proposed amended complaints is DENIED. However, within 14 days, Floyd may file a further revised third amended complaint alleging, with specificity, his claims against any individual defendants and their factual basis, including the precise actions those defendants took to deny Floyd a phone call, a visit to the bathroom, or to exert excessive force against him. Any claims against individual defendants that are not pleaded with specificity will be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

## I. BACKGROUND

Floyd's complaints tell a consistent story of his treatment as an arrestee at two Santa Clara County holding facilities after his arrest on August 18, 2021.

After Floyd was arrested and brought to a holding facility, he used the toilet twice, but officers refused to allow him to use the toilet a third time. See Revised Proposed Third Am. Compl. at 9–10. Floyd also asked to make a phone call to his family pursuant to California Penal Code section 851.5, which entitles arrestees to three phone calls immediately upon booking and no later than three hours after arrest, except where physically impossible. Id. at 10; see also Cal. Penal Code § 851.5. The officers again rejected his request and informed him that he needed to wait till he arrived at the second holding facility. Id.

At approximately 2:00 a.m. the following morning, Floyd arrived at the second holding facility, Elmwood Correctional Facility, where he was again denied access to phone calls and the bathroom. Id. at 10, 12. After Floyd waited for several hours, he was allowed to use the bathroom, but was informed by the officers at Elmwood that he could only make phone calls after he changed into prison clothes. Id. Floyd refused to change, worried that he would never get a chance to call his family. Id. at 10–11. Officers at Elmwood allegedly made fake attempts to call the number Floyd provided and told Floyd that the number was disconnected. Id. at 11. After Floyd continued to refuse to change into prison clothes, the officers used force to restrain him and put shackles on his feet and put him in a helpless position, with a boot on his lower back. Id. at 11–12. At this point, Floyd had been detained for more than 20 hours. Id. Floyd felt desperate and decided to cooperate. Id. He was put in a wheelchair, rolled into a jail cell, and stripped naked. Id. Floyd again asked to use the phone, and the officers told him to wait 24 hours due to COVID. Id. Floyd was informed of his Miranda rights shortly after. Id. He was finally allowed to use the phone at 8:30 a.m. on August 20. Id.

In his prior complaints, Floyd seemed to allege Section 1983 claims for (1) violations of his Fifth and Fourteenth Amendment rights to due process when staff denied

2

1  him access to the bathroom and phone calls; (2) a violation of the Eighth Amendment
2  prohibition on cruel and unusual punishment when the staff at Elmwood allegedly used
3  excessive force to restrain him and strip him; and (3) a Monell claim based on the related
4  customs and policies at both facilities.  See Second Am. Compl. (dkt. 58) at 1–3.

5        On January 31, 2023, without the Court's leave, Floyd filed a third amended
6  complaint.  See dkt. 69.  The Court struck that complaint, ordering Floyd to move for leave
7  to amend.  See dkt. 70.  On February 12, Floyd moved for leave to amend and attached his
8  proposed third amended complaint, which added twenty-four new individual defendants,
9  each apparently officers or staff members at the holding facilities run by Santa Clara.  See
10  dkt. 71-2.  Floyd also mentioned that he intended to add seven "causes of action under
11  California Law and Torts," but did not appear to do so.  Id. at 3–4.  Santa Clara opposed.
12  See Opp'n (dkt. 72).  Floyd replied and, in an apparent attempt to address some of the
13  concerns Santa Clara raised in their opposition, attached a revised proposed third amended
14  complaint, adding the additional seven "causes of action under California Law and Torts."
15  See Revised Proposed Third Am. Compl.  Santa Clara filed a sur-reply addressing Floyd's
16  revised proposed third amended complaint.  See Sur-Reply (dkt. 74).

## II.   LEGAL STANDARD

A court should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has instructed that the policy favoring amendment "should be applied with 'extreme liberality.'"  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (quoting Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406, 406 (9th Cir. 1960) (per curiam)).  However, leave to amend "is not to be granted automatically."  In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (quoting Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990)).  A court considers five factors to assess whether to grant leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendment previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and] [5] futility of amendment." Leadsinger, Inc. v. BMG

3

1  Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178,
2  182 (1962)).

### III. DISCUSSION

In his proposed third amended complaint and subsequent revised version,[1] Floyd seeks leave to amend to: (1) add twenty-four individual defendants and allegations regarding their involvement in his detention in August 2021; and (2) add seven additional state-law claims.

#### A. Individual Defendants

Floyd seeks to add twenty-four individual defendants, officers or staff employed by Santa Clara. See Revised Third Am. Compl. at 4–8. His revised proposed complaint includes additional detail regarding how he identified those defendants through discovery, and how those defendants fit into his description of his detention.[2] Santa Clara argues that Floyd's complaint seeks to add these new individual defendants "without stating the basis for the claims against any of them and without providing specific allegations as to their alleged wrongful conduct," in violation of Federal Rule of Civil Procedure 8(a)(2). Opp'n at 1.

While Floyd's revised complaint includes more detail than his initial third amended complaint, it still fails to state with requisite specificity the actions of some of these individual defendants, and which claims he brings against them. For example, Floyd's allegations regarding officers' "attempt[] to remove Plaintiff by force from the lobby of Elmwood" lists eleven officers, and no detail as to their actions or involvement in the force used against Floyd. See Revised Third Am. Compl. at 6; see also id. at 6–7 (naming eight officers who "dressed in SWAT team uniforms and removed Plaintiff by force from the lobby of Elmwood, subjecting the Plaintiff to dress in prison clothes before being provided

---

[1] For efficiency, the Court assesses the sufficiency of Floyd's revised third amended complaint filed with his reply, not the original third amended complaint filed with his motion.
[2] Floyd's allegations regarding each individual defendant difficult to follow. This is because he organizes those allegations by reference to particular discovery, see Revised Third Am. Compl. at 4–8, rather than through his chronology of the events of his detention detailed further in his complaint, see id. at 9–12.

a phone call"). Most significantly, Floyd does not specify which of his claims are brought against which defendants, stating only that particular defendants are "directly responsible" for his claims.[3]

However, while the Court agrees with Santa Clara that Floyd's revised third amended complaint, as currently drafted, does not comply with Federal Rule of Civil Procedure 8(a)(2), the Court disagrees that the addition of these new defendants is unduly delayed or would cause undue prejudice. Floyd indicated in past complaints that he intended to amend his complaint "once the names of the staff at the Santa Clara County correctional facilities are provided by the defense." Second Am. Compl. at 10. Immediately after receiving the names he sought in discovery,[4] Floyd added them to his third amended complaint and filed. Reply at 2. While it is true that Floyd did not clarify in prior complaints whether he intended to add the officers as additional defendants or merely add more specificity to his allegations, Santa Clara should have been on notice of either possibility, and in any case, Santa Clara has not indicated that the addition of individual defendants would require Santa Clara to conduct additional discovery or incur significant additional expense. Thus, by seeking to add individual defendants, Floyd neither unduly delayed nor caused Santa Clara undue prejudice.

### B.   State Law Claims

In addition to adding individual defendants, Floyd seeks to add seven additional state-law claims. See Revised Third Am. Compl. at 14–17. Floyd did not add these additional claims in prior amendments because he "did not want his arguments dissected before trial." Reply at 2. This is no reason to delay bringing claims that Floyd has had

---

[3] The phrase "directly responsible" could mean that he brings each claim against each defendant, both individual and institutional, who is "directly responsible" for the conduct that gave rise to the claim; or he could mean that he brings claims against Santa Clara but the individual defendants are "directly responsible" for the conduct that gave rise to those claims, but those claims are not brought directly against those individual defendants. If Floyd chooses to file a further revised complaint, he should clearly state which claims he brings against each defendant.

[4] Santa Clara also argues that Floyd unduly delayed in filing the third amended complaint because, if he had conducted discovery more efficiently, he would have known the names of the officers he sought to add months ago. Opp'n at 3–4. The Court will not fault a pro se plaintiff for not conducting discovery as expertly as Santa Clara would prefer.

reason to know about for months; in fact, one purpose of discovery and motion practice is to "dissect" a plaintiff's claims to determine whether factual issues remain for trial. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." See Jackson, 902 F.2d at 1388; see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). Floyd's failure to bring these claims in prior amendments seems to have been a "tactical choice" to shield his arguments from Santa Clara. See Acri, 781 F.2d at 1398. Because this is an inappropriate reason to cause such a delay, Floyd may not bring these state-law claims at this late stage.

## IV.  CONCLUSION

For the foregoing reasons, Floyd's motion to file either of his proposed third amended complaints is DENIED. However, within 14 days, Floyd may file a further revised third amended complaint stating, <u>with specificity</u>, his claims against any individual defendants and their factual basis, including the precise actions those defendants took to deny Floyd a phone call, a visit to the bathroom, or to exert force against him.[5] Any further claims against individual defendants that are not pleaded with specificity will be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2). Any further revised third amended complaint Floyd files may not include any of the state-law claims discussed in Section III.B; if any such claims are included, they will be stricken as beyond the leave to amend granted in this order. After any revised third amended complaint is filed, the Court will not entertain any further amendments.

**IT IS SO ORDERED.**

Dated: March 8, 2023

CHARLES R. BREYER
United States District Judge

---

[5] In this amendment to his complaint, Floyd is encouraged to include the individual defendants in his chronology of the events of his detention, so the Court, and Defendants, can understand his factual allegations with respect to each individual officer and staff member, and how those allegations relate to his claims against each defendant. Floyd need not include references to specific discovery, including interrogatories or screenshots, at this time.