United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DEVIN FLOYD,

        Plaintiff,

   v.

SANTA CLARA DEPARTMENT OF
CORRECTION, et al.,

        Defendants.

Case No.  22-cv-00750-CRB

**ORDER DENYING MOTION FOR
LEAVE TO FILE MOTION FOR
RECONSIDERATION**

Plaintiff Michael Devin Floyd ("Floyd") brings a motion for leave to file a motion
for reconsideration pursuant to Civil Local Rule 7-9, seeking reconsideration of the
Court's March 8 order denying leave to file a third amended complaint adding seven
additional state-law claims.  See Mot. (dkt. 76).  To show that a motion for reconsideration
is appropriate, the movant must show reasonable diligence and (1) "a material difference in
fact . . . exists from that which was presented to the Court," (2) "[t]he emergence of new
material facts," or (3) "[a] manifest failure by the Court to consider material facts" in its
prior order.  Civil Local Rule 7-9(b).

Floyd does not make such a showing in his motion. Fundamentally, Floyd objects to
the Court's interpretation of his statement that he "did not want his arguments dissected
before trial," to indicate that he made a "tactical choice" not to include his proposed state-
law claims in prior amendments.  See Mot. at 2.  Floyd clarifies that he meant that he did
not want "details on direct parties responsible nor their actions . . . dissected before trial."
Id.  This is not a "material difference in fact" that would alter the Court's conclusion:
Regardless of the reason why Floyd did not want his arguments "dissected," in his many

United States District Court
Northern District of California

1    filings on the subject, Floyd has not explained why he delayed for months in bringing these

2    new claims, given that they raise issues known to him at the time of his prior amendments.

3    Compare, e.g., Second Am. Compl. (dkt. 58) at 8 (explaining the basis for Floyd's Monell

4    claim as a result, in part, of "improper training resulting in an unethical culture"), with

5    Revised Proposed Third Am. Compl. (dkt. 71-1) at 14–17 (explaining a nearly identical

6    basis for Floyd's second, third, fourth, sixth and seventh state-law claims).  The Court will

7    not subject Defendants to discovery and briefing on seven new state-law claims at this late

8    juncture, particularly where it has allowed Floyd to file a third amended complaint alleging

9    claims against twenty-four additional individual defendants.

10        Floyd's motion for leave to file a motion for reconsideration is thus DENIED.

11   **IT IS SO ORDERED.**

12   Dated: March 13, 2023

        _____
        CHARLES R. BREYER
13      United States District Judge