United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

MICHAEL DEVIN FLOYD,

    Plaintiff,

    v.

SANTA CLARA DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

Case No.  22-cv-00750-CRB (RMI)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. No. 101

Now pending before the court is a jointly filed letter brief setting forth a discovery dispute that boils down to Plaintiff's request to compel Defendants to permit him to enter the Elmwood Correctional Facility and the Santa Clara Main Jail for the purposes of making video recordings and taking photographs of certain portions of those facilities. *See* Ltr. Br. (dkt. 101) at 2-3. Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument. Plaintiff's case is founded on allegations of excessive force as well as allegations that he was not permitted to use a bathroom or make a telephone call while he was being held at the intake booking section of the Santa Clara Main Jail and in the processing lobby at the Elmwood Correctional Facility (*id*. at 4). Defendants submit that they have already produced a total of 21.2 hours of video recordings from overhead cameras, handheld cameras, and body-worn cameras capturing images and video of Plaintiff at both facilities. *Id*. Plaintiff contends that overhead camera evidence – and indeed, evidence of that sort – is unacceptable to him because those depictions only show the scene from certain angles, and Plaintiff wishes to conduct his photography and videography from other angles. *Id*. at 1. While Plaintiff asserts that some areas of interest to him fall outside of the view of certain lobby cameras and other overhead cameras – he

does not address Defendants' contention that he has been given over 21 hours of footage depicting him in the areas in question from multiple cameras, including handheld and body-worn cameras. Plaintiff also complains that the video footage provided to him is at odds with his own memory of the placement of certain objects such as telephones and toilets. *Id*. at 2. Defendants also set forth various security concerns which they contend should preclude Plaintiff's request to conduct the site inspection he has requested. *See id*. at 4-5.

Having considered the Parties' arguments, the court finds the 21.2 hours of video discovery already provided to him is sufficient for prosecuting his claims. In other words, Plaintiff's arguments (about limitations of certain overhead camera angles, and certain video depictions being at odds with his memory) are unavailing because the video tendered in discovery (taken from many cameras and many vantage points) shows Plaintiff at those locations, and any video or photographs that might be taken by him now would be of substantially lesser, if any, evidentiary value. Moreover, because it appears that the Parties agree that Plaintiff used the toilet several times and that he did not make a telephone call while in the processing area, the relevance of the discovery he now seeks is called into question. Further, based on the security concerns set forth by Defendants, the court finds that his request is also not proportional to the needs of the case. Accordingly, Plaintiff's request to compel a site inspection is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 27, 2023

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California